

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 Church Street
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**HANNAH V. FADDIS**
*Assistant Deputy Chief of Trials*
Phone: (212) 356-2486
Fax: (212) 356-1148
hfaddis@law.nyc.gov

March 25, 2026

**BY ECF**
Honorable Seth D. Eichenholtz
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<div style="margin-left:2em">

Re:   Perkins v. City of New York, et al.,
24-CV-6366 (AMD) (SDE)

Re:   Mayo v. City of New York, et al.,
24-CV-6403 (AMD) (SDE)

</div>

Your Honor:

Defendants respectfully write to request that the Court reconsider its Order dated March 25, 2026, which denied without prejudice Defendants' motion to bifurcate Monell discovery (ECF No. 20).

In denying the motion, the Court noted that although Defendants asserted that the majority of Plaintiff's discovery demands relate to Monell liability and cited "Ex. A, Perkins First Discovery Demands" in support, "Defendants do not include any exhibits in their filing." The Court accordingly found that it could not determine, "based on the existing record," whether responding to Monell demands would consume the discovery process as Defendants claimed.

Defendants respectfully submit that the omission of the exhibit was inadvertent. Defendants now attach the original letter motion as Exhibit A and Plaintiff's First Set of Interrogatories and Requests for the Production of Documents, dated February 13, 2026, as Exhibit B, and respectfully request that the Court reconsider the application in light of these materials, which Defendants believe establish the good cause the Court found lacking.

As set forth in Exhibit A, of Plaintiff's six interrogatories, five are directed exclusively at Monell-related issues — specifically, NYPD policymaking authority, discipline of officers, and disciplinary actions the City intends to rely upon in opposing the Monell claim. Similarly, of Plaintiff's twenty-six specific document requests, at least sixteen seek materials relevant only to municipal liability, including personnel files of non-party detectives (Request No.

10), NYPD training materials and policies from 1990–2000 (Request No. 12), CCRB and Internal Affairs complaint files (Request No. 13), investigative files from unrelated prosecutions involving Detectives Scarcella, Chmil, and Race (Request Nos. 14–24), and KCDA Conviction Integrity Unit files (Request Nos. 9, 16). These demands collectively dwarf the requests directed at the individual Defendants' personal involvement in Plaintiff's arrest and prosecution.

Defendants respectfully submit that Exhibit B—which the Court was unable to review when ruling on the initial application—demonstrates that Monell discovery in this case is extraordinarily broad in scope and would, if conducted simultaneously, overwhelm and delay the resolution of Plaintiff's claims against the individual Defendants. Bifurcating discovery would promote efficiency by allowing the parties to focus first on whether the individual Defendants are liable before embarking on the extensive institutional discovery Plaintiff seeks.

For these reasons, Defendants respectfully request that the Court reconsider its Order and grant bifurcation of Monell discovery.

The defendants thank the Court for its consideration of these requests.

Respectfully Submitted,

/s/

Hannah V. Faddis
John McLaughlin
Attorneys for Defendants
*Special Federal Litigation Division*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2486/2670
hfaddis@law.nyc.gov
jmclaugh@law.nyc.gov

CC:    **VIA ECF**
       *All counsel of Record*

2