UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

DONNELL PERKINS,                                  :

                      Plaintiff,    :    **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

          - against -    :

THE CITY OF NEW YORK, ANTHONY    :
PITRE, BRIAN MCNULTY, AND ROBERT
SALEM,                                            :    24-cv-6366 (AMD) (SDE)

               Defendants.    :

-----------------------------------------------------------x

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, and Local Rule 26.3, Plaintiff Donnell Perkins ("Plaintiff") requests that Defendants answer under oath the following Interrogatories and produce for inspection and copying the documents specified herein, on or before March 16, 2026, at the Law Offices of Joel B. Rudin, P.C., 152 West 57th Street, 8th Floor, New York, New York 10019.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to each of the Requests set forth below and are deemed to be incorporated therein except to the extent a particular Request may contain contrary definitions and instructions.

1.     In answering the following interrogatories and responding to the following requests (collectively the "Requests"), you shall furnish all information that is available to you, including information in the possession, custody, or control of your attorneys, accountants, employees, investigators, experts, representatives, or other agents or servants.

2.      All documents that respond, in whole or in part, to any portion of any Request, shall be produced in their entirety, together with all attachments, enclosures, drafts, and non-identical copies.

3.      Questions regarding the interpretation of these requests should be resolved in favor of the broadest possible construction.

4.      If the answer to all or any part of an Interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or available as well as an explanation of the information that was once known or available and why it is not now known or available.

5.      These Requests shall be deemed continuing so as to require further and supplemental production by Defendants in the event they discover or obtain additional information or documents between the time of initial production and the time of hearing or trial.

6.      If any information or document is withheld based upon a claim of privilege, state with specificity the information required by Local Rule 26.2.

7.      Where any Request calls for the identification or production of electronically stored documents, a complete forensic or forensic-type search is to be performed by an individual with access to all centrally stored electronic data, in addition to any other search performed for such material.

8.      Where any Request calls for documents or information that either never have been, or presently are not, in existence, indicate so in the relevant response.

9.      Plaintiff incorporates by reference the Uniform Definitions in Discovery Requests set forth in Local Rule 26.3.

10.    By "discipline" or "disciplinary action," Plaintiff means a punishment or admonishment in any form, including, but not limited to, dismissal, suspension, disciplinary transfer, demotion, fine, withholding of salary, overtime, vacation days, or bonus, written caution or admonishment, negative written evaluation, verbal caution or admonishment, or referral to IAB, Command Discipline, any other disciplinary authority, or any prosecutor's office.

**INTERROGATORIES**

1.    Identify all witnesses upon whose affidavit or testimony Defendants will rely, for purposes of summary judgment or trial, to controvert any matter alleged in Plaintiff's Complaint, substantiate any matter alleged in Defendants' Answer, or support any affirmative defenses Defendants have asserted or may assert, and provide each witness's current address and telephone number.

2.    State whether any officer accused of misconduct in Complaint paragraph 298 was disciplined.  As to any officer who was disciplined, state the date and nature of the discipline.

3.    State whether any officer accused of misconduct in Complaint paragraph 298 was investigated by any office, bureau, supervisor, or executive at the NYPD for the purpose of determining whether discipline was appropriate and, if so, identify the officer who was investigated, the individual or office that conducted the investigation, the determination that was made, and the date of such determination.

4.    Identify by name, rank, and title—and provide present contact information for— the NYPD official or officials who had final policymaking authority in the following areas of police function in December 1999 and January 2000:

   a.  requirements for making a proper arrest, detention, search, or seizure;

   b.  eyewitness identification procedures;

3

    c.   procedures for questioning or interrogating witnesses and suspects;

    d.   note-taking, report writing, and other documentation of investigations;

    e.   testifying in court; and

    f.   procedures for investigating and disciplining NYPD personnel.

5.      Identify any and all disciplinary actions taken in response to allegations of misconduct by members of the NYPD upon which Defendant City of New York intends to rely in opposing Plaintiff's *Monell* claim.

6.      Identify any and all disciplinary actions taken in response to allegations of misconduct by members of the KCDA upon which Defendant City of New York intends to rely in opposing Plaintiff's *Monell* claim.

<strong><u>SPECIFIC DOCUMENT REQUESTS</u></strong>

1.      All documents that provide any of the information requested in the preceding Interrogatories.

2.      All documents upon which Defendants intend to rely, in their direct case, in support of any defense, or for impeachment at any deposition, hearing or trial, or in support of any motion to dismiss or for summary judgment.

3.      All documents containing information that concerns or is relevant to the allegations in Plaintiff's Complaint or in Defendants' Answer.

4.      All documents concerning this lawsuit or concerning Plaintiff which the Defendants have obtained or obtain in the future through subpoena, through Freedom of Information Law request or other request not involving legal process, or through use of any release provided to any of the Defendants by Plaintiff.

5.      All records containing statements of Plaintiff relating to his arrest; his prosecution; the issues in his civil lawsuit, including liability and damages; and his credibility.

4

6.      All statements of any witness in any form, written, electronic, or verbal, concerning any of the facts or occurrences alleged in the Complaint or in Defendants' Answer.

7.      All records in the possession of the NYPD concerning the arrest and prosecution of Plaintiff under Indictment No. 249/00, including but not limited to: memo book entries; complaint reports; arrest reports; e-mails; correspondence; faxes; press releases; teletypes; text messages; memoranda; audio or video recordings; 911 tapes; Sprint reports; photographs; drawings; physical evidence of any kind; DD-5s; homicide analysis or activity reports; index to DD-5s or police documentation; expense reports; notes; documents concerning the investigation of any other suspects; requests for departmental or other recognition or award; and all other materials related to Plaintiff's arrest and prosecution.

8.      All records in the possession of the KCDA concerning the arrest and prosecution of Plaintiff under Indictment No. 249/00, including hearing and/or trial exhibits; *Rosario* and *Brady* material; records of disclosure to the defense, including Voluntary Disclosure Forms; transcripts; charging instruments; notes; memo book entries; reports; homicide activity report or log; e-mails; correspondence; faxes; press releases; teletypes; text messages; memoranda; intake bureau reports; witness statements; police reports; audio or video recordings; 911 tapes; Sprint reports; photographs; drawings; physical evidence of any kind; subpoenas; receipts; subpoenas; returns on subpoenas; calendar entries and logs; DD-5s; documents prepared by the Riding ADA; expense reports; notes; material witness applications or warrants; applications and orders to produce and/or *Damiani* orders; hotel custody records; witness relocation records; records of payments to or on behalf of witnesses; documents concerning the investigation of any other suspects; and all other types of materials related to Plaintiff's arrest and prosecution.

9.      All records in the possession of the KCDA concerning post-trial reinvestigation by the KCDA and/or its Conviction Review Unit (or, as it was previously named, the Conviction Integrity Unit) of the prosecution or conviction of Plaintiff under Indictment No. 249/00, including but not limited to recordings of witness interviews and statements; notes or memoranda documenting or summarizing such interviews and statements; reports, notes, memoranda, affidavits, and correspondence, including memoranda and other documents, containing factual information obtained during the Unit's reinvestigation; photographs and audio or video recordings; and expert reports or conclusions.

10.      The complete NYPD personnel files of Individual Defendants Pitre, McNulty and Salem, and of former detectives Louis Scarcella, Stephen Chmil, Michael Race, and Robert Boyce, including but not limited to all documents concerning hiring; training; evaluations; assignments; disciplinary complaints, investigations, or actions; promotions; demotions; requests for recognition; awards; and salary.

11.      All records evidencing the discipline that is the subject of Interrogatory No. 2.

12.      All NYPD training materials, manuals (including relevant sections of the Patrol Guide or Detective Guide), written directives, memoranda, orders, policies, and procedures in effect or distributed to police officers, detectives, or supervisors, from January 1, 1990, to December 31, 2000, concerning:

      a.      Probable cause for arrests, detentions, searches and seizures;

      b.      eyewitness identification procedures;

      c.      the manner of questioning or interrogating witnesses or suspects;

      d.      note-taking, report writing, and other documentation of actions taken during investigations;

      e.      how to testify in court; and

6

f.      NYPD disciplinary procedures.

13.     With regard to Defendants Anthony Pitre, Brian McNulty, and Robert Salem, all complaints made to or investigated by the CCRB, Internal Affairs, or a Precinct Command, the complete investigative file with respect to each such complaint, and any index or compilation of such complaints.

14.     All documents concerning any and all investigations by the KCDA into the conduct of Detectives Louis Scarcella and Stephen Chmil during, and/or following, the prosecutions of James Jenkins, Ind. No. 2582/87, and David Ranta, Ind. No. 8990/90.

15.     All documents concerning any and all investigations by the NYPD into the conduct of Detectives Louis Scarcella or Stephen Chmil during and/or following the prosecutions of James Jenkins, Ind. No. 2582/87 and David Ranta, Ind. No. 8990/90.

16.     Contents of the KCDA Conviction Integrity Unit file concerning its re-investigation of the David Ranta case in or about 2013 to 2014.

17.     The following documents concerning the prosecution of James Jenkins, Ind. No. 2582/87, whether in the files of the NYPD or the KCDA:

a.   Complete transcript of pretrial hearings;

b.   Justice Egitto's decision on the pretrial motions;

c.   All the exhibits introduced at the hearings;

d.   All police reports concerning identification procedures at which Detective Scarcella was present;

e.   All police reports or documents containing any statement by any eyewitness who made an identification;

f.   All takeout orders or *Damiani* orders for witnesses;

7

g.  All records concerning Detectives Scarcella's take out from corrections custody of a witness.

18.    The following documents from the prosecution of David Ranta, Ind. No. 8990/90:

a.  Complete transcript of pretrial hearings and trial;

b.  Any written decision relating to the motions to suppress;

c.  All the exhibits introduced at the hearings;

d.  Copy of the audio recording referenced in Plaintiff's Complaint at paragraph 205 that concerned the lineup;

e.  All transcripts and draft transcripts of the audio recording;

f.  All police reports relating to the lineup;

g.  All statements by the eyewitness who made the identification at the lineup;

h.  All takeout orders and *Damiani* orders for witnesses; and

i.  All records, including video-recordings, concerning Detectives Scarcella and Chmil's custody of the witnesses who were the subject of the takeout orders, including all reports of what occurred when the witnesses were taken out by Scarcella or Chmil.

19.    The following documents from all cases in which Detective Scarcella used an identification by a witness named Teresa Gomez:

a.  All testimony by Scarcella in hearings, trials, or other proceedings in cases involving Teresa Gomez;

b.  Teresa Gomez's testimony in all hearings, trials, or other proceedings in which she testified; and

c.  The complete record of any and all investigations the NYPD conducted into Scarcella's conduct in relation to any case involving Teresa Gomez.

8

20.     With respect to the hearing, conducted in 1983, referenced in Frances Robles, "As Doubts Over Detectives Grew, Prosecutors Also Made Missteps," The New York Times, Sept. 5, 1983), https://www.nytimes.com/2013/09/06/nyregion/as-doubts-over-detective-grew-prosecutors-also-made-missteps.html (attached as Ex. A):

    a.   The complete transcript of the hearing;

    b.   All exhibits marked at the 1983 hearing;

    c.   Any written or oral decision by the judge overseeing the hearing.

21.     The complete file of the NYPD of any investigation the department conducted into the behavior of Detective Michael Race in the Jeffrey Blake, Ruben Ortega, and Timothy Crosby cases referenced in paragraphs 224–31 of Plaintiff's Complaint and/or concerning his handling of the witness Dana Garner.

22.     The complete file of the KCDA of any investigation into the behavior of Detective Michael Race in the Blake, Ortega, and Crosby cases and/or concerning his handling of the witness Dana Garner.

23.     All documents concerning investigations by the NYPD into the conduct of Detective Michael Race in any homicide case following publication of the article Jim Dwyer, "Ex-Officer Off Tough Beat Seeks to Free the Innocent," New York Times, June 10, 2001, https://www.nytimes.com/2001/06/10/nyregion/ex-officer-off-tough-beat-seeks-to-free-the-innocent.html (attached as Ex. B), in which Detective Race stated only one of 750 murder cases he investigated was "done the correct way, from A to Z."

24.     All documents concerning investigations by the KCDA into the conduct of Detective Michael Race in any homicide case following publication of the article Jim Dwyer, "Ex-Officer Off Tough Beat Seeks to Free the Innocent," New York Times, June 10, 2001,

https://www.nytimes.com/2001/06/10/nyregion/ex-officer-off-tough-beat-seeks-to-free-the-innocent.html (attached as Ex. B), in which Detective Race stated only one of 750 murder cases he investigated was "done the correct way, from A to Z."

25.    All personnel or disciplinary records of the NYPD, which the Defendants intend to rely upon in connection with any motion for summary judgment, at trial, or in any other proceeding related to this matter.

26.    All personnel or disciplinary records of the KCDA, which the Defendants intend to rely upon in connection with any motion for summary judgment, at trial, or in any other proceeding related to this matter.

**PLEASE TAKE NOTICE** that Plaintiff will object to the introduction or use at any deposition and/or trial of any document or information not produced, prior to such proceeding, in response to the foregoing Interrogatories and Document Requests and to any evidence, document, or information which has not been revealed by an appropriate response to these Interrogatories and Document Requests.

Dated:        February 13, 2026

Yours, etc.,

LAW OFFICES OF JOEL B. RUDIN, P.C.

By:    Joel B. Rudin
       David E. Rudin
       152 West 57th Street, 8th Floor
       New York, New York 10019
       (212) 752-7600
       jbrudin@rudinlaw.com
       david@rudinlaw.com

       *Attorneys for Plaintiff*

10

To:     Hannah Faddis
        John McLaughlin
        New York City Law Department
        100 Church Street
        New York, New York 10007

        *Attorneys for Defendants*